IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO L. GORDON,                       :
                                       :
          Plaintiff                    :
                                       :
     v.                                :    CIVIL NO. 3:CV-12-1584
                                       :
UNITED STATES OF AMERICA,              :    (Judge Conaboy)
                                       :
          Defendant                    :
_____

**MEMORANDUM**
**Background**

     Mario L. Gordon, an inmate presently confined at the United

States Penitentiary, Lewisbug, Pennsylvania (USP-Lewisburg),

initiated this matter by filing a motion seeking an immediate

transfer from USP-Lewisburg with his sentencing court, the

United States District Court for the Southern District of

Illinois.  The Southern District of Illinois subsequently

construed Gordon's motion as alleging violations of the Eighth

Amendment and transferred the matter to this Court.[1]  See Doc.

3.

     By Memorandum and Order dated March 28, 2013, this Court

_____

     [1]  Plaintiff's motion sought an immediate transfer on the
grounds that he is being subjected to retaliation including
physical and sexual assaults, false incident reports, as well as
excessive use of restraints by USP-Lewisburg staff.

1

noted that a proper Complaint had not yet been filed in this matter and that none of the motions previously filed by Plaintiff could adequately stand as a Complaint. Accordingly, the Memorandum and Order directed Plaintiff to file a Complaint which complied with Federal Rule of Civil Procedure 8(e) within twenty-one (21) days.[2]  See Doc. 13.  Plaintiff was clearly forewarned by the Memorandum and Order that failure to timely submit a complaint or otherwise respond would result in dismissal of his action for failure to prosecute.

## Discussion

The relevant time period established by the March 28, 2013 Memorandum and Order has passed and Gordon has not submitted an complaint, sought an enlargement of time in which to do so, or otherwise responded.  Failure to prosecute an action may warrant dismissal under Federal Rule of Civil Procedure 41(b), which in pertinent part, provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any Order of Court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the Court in its Order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication on the merits.

---

[2]  In addition, Plaintiff's request for appointment of counsel was denied and his motions seeking preliminary injunctive relief were deemed withdrawn.  Furthermore, attached to the Order was a form civil rights complaint which this Court routinely provides to pro se litigants.

2

In Poulis v. State Farm Fire and Casualty Co., 747 F.2d
863, 868 (3d Cir. 1984), the Court of Appeals for the Third
Circuit instructed the district court to consider six (6)
factors in considering whether to dismiss a complaint with
prejudice where the plaintiff's counsel failed to conduct
discovery and file a pre-trial statement within deadlines set by
the Court: (1) extent of the party's personal involvement; (2)
prejudice to the opposing party by the dilatoriness; (3) whether
a history of dilatoriness existed; (4) whether the dilatoriness
was wilful and in bad faith; (5) possible effectiveness of
alternative sanctions; and (6) the merit of the claim or
defense.  See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d
863 (3d Cir. 1994).

In a similar case, the Court of Appeals for the Third
Circuit recognized that a district court "has the authority to
dismiss a suit sua sponte for failure to prosecute by virtue of
its inherent powers and Federal Rule of Civil Procedure 41(b)"
when a litigant fails to comply with a court order directing him
to file an amended complaint.  See Azubuko v. Bell National
Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).  Based on
the multiple deficiencies stemming from the lack of a proper
complaint as outlined by this Court's March 28, 2013 Memorandum
and Order and Gordon's failure to file a complaint or otherwise

3

respond, an application of the Poulis factors weighs in favor of
dismissal.  Simply put, Gordon is personally responsible for the
failure to file a timely complaint and other sanctions are not a
viable option since this case cannot proceed without the
submission of a proper complaint.

In conclusion, the Plaintiff's failure to respond to this
Court's March 28, 2013 Memorandum and Order is deemed a failure
to prosecute and his action is hereby dismissed, with prejudice.
An appropriate Order will enter.



                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge



DATED: APRIL 23, 2013